UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| BLUE RHINO GLOBAL SOURCING, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEST CHOICE PRODUCTS a/k/a SKY BILLIARDS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |

## COMPLAINT

Plaintiff BLUE RHINO GLOBAL SOURCING, INC. ("Blue Rhino" or "Plaintiff") brings this action pursuant to 35 U.S.C. § 1 *et seq.*, seeking injunctive relief and damages against Defendant BEST CHOICE PRODUCTS a/k/a SKY BILLIARDS, INC. ("BCP" or "Defendant") for patent infringement, and alleges as follows:

## PARTIES

1. Plaintiff is a corporation formed under the laws of the State of Delaware, having a place of business at 5650 University Parkway, Suite 400, Winston-Salem, North Carolina 27105.

2. On information and belief, Defendant is a corporation formed under the laws of the State of California, having a principal place of business at 5642 E. Ontario Mills Parkway, Ontario, California 91764.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

5. On information and belief, Defendant has regularly and intentionally conducted business in this State and District, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

6. On information and belief, Defendant has conducted business in this State and District by, *inter alia*, offering for sale and selling products, providing an interactive website, and otherwise engaging in business activities within this State and District.

7. On information and belief, Defendant is directly and/or indirectly servicing its product market in this State and District, and has knowingly sent infringing heaters to purchasers in this State and District. Further, on information and belief, Defendant is placing infringing heaters into the stream of commerce with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District.

8. On information and belief, Defendant's infringing heaters are offered for sale and have been sold to customers residing in this State and District.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claim occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

## FACTUAL BACKGROUND

10. Plaintiff is a leading distributor of outdoor living accessories, including outdoor heaters, grills, fireplaces, and related products.

11. Plaintiff is also the owner, by assignment, of all right, title, and interest in and to United States Patent No. 6,470,877 ("the '877 Patent") entitled "Heating Apparatus". A true and correct copy of the '877 Patent is attached hereto as <u>Exhibit A</u>.

12. The '877 Patent was duly and lawfully issued by the United States Patent and Trademark Office on October 29, 2002. The '877 Patent and all of its claims are presumed valid pursuant to 35 U.S.C. § 282.

13. Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 6,651,647 ("the '647 Patent") entitled "Heating Apparatus with Slidable Shroud." A true and correct copy of the '647 Patent is attached hereto as <u>Exhibit B</u>.

14. The '647 Patent was duly and lawfully issued by the United States Patent and Trademark Office on November 25, 2003. The '647 Patent and all of its claims are presumed valid pursuant to 35 U.S.C. § 282.

15. On information and belief, products sold under the '877 Patent and/or the '647 Patent by Plaintiff have been properly marked pursuant to 35 U.S.C. § 287.

16. On information and belief, Defendant is engaged in the business of importing, marketing, and selling a variety of household items, including outdoor heaters, through its own website (www.bestchoiceproducts.com) and through online marketplaces, such as Amazon, eBay, bonanza, eCrater, and Walmart.

17.     On information and belief, Defendant has imported into the United States, offered for sale and sold, and is continuing to import into the United States, offer for sale and sell, through established streams of commerce throughout the United States, including to customers and potential customers in this State and District, outdoor heaters that infringe one or more claims of the '877 Patent and one or more claims of the '647 Patent.

18.     On information and belief, Defendant has made, used, offered for sale, sold and/or imported, and, on information and belief, is continuing to make, use, offer for sale, sell and/or import Best Choice Products-branded outdoor heaters, including patio heaters bearing model number SKY158 (hereinafter, the "BCP Heaters").  A true and correct copy of the Owner's Manual provided with the BCP Heaters is attached hereto as <u>Exhibit C</u>.

19.     On information and belief, Defendant has made, used, offered for sale, sold and/or imported, and, on information and belief, is continuing to make, use, offer for sale, sell and/or import a heating apparatus for igniting fuel from a fuel tank having a control valve for controlling a supply of fuel from the tank comprising a heat emitter including a burner assembly for igniting fuel from the fuel tank to provide heat emanating from the emitter; an elongate support member mounting the heat emitter at an upper end thereof and including a gas line extending therethrough for feeding fuel from the tank to the burner assembly for ignition; and a shroud for fitting over the fuel tank, being slidably engaged on said elongate support member for reciprocal vertical movement and including an access opening at a predetermined location on the shroud

4

with the opening being sized to expose a portion of said fuel tank and allow an operator access to the fuel tank control valve for controlling supply of fuel to the burner assembly without sliding said shroud relative to said support, including the BCP Heaters.

20. On information and belief, Defendant has made, used, offered for sale, sold and/or imported, and, on information and belief, is continuing to make, use, offer for sale, sell and/or import a heating apparatus for igniting fuel from a fuel tank having a control valve for controlling a supply of fuel from the tank comprising, a heat emitter including a burner assembly for igniting fuel from the fuel tank to provide heat emanating from the emitter; an elongate support member mounting the heat emitter at an upper end thereof and including a gas line extending therethrough for feeding fuel from the tank to the burner assembly for ignition; said elongate support member is supported upon a base by a plurality of legs, said legs define a space for receiving the fuel tank; and a shroud for fitting over the fuel tank and including an access opening at a predetermined location on the shroud with the opening being sized to allow an operator access to the fuel tank control valve for controlling supply of fuel to the burner assembly, and said shroud configured for surrounding said legs and the tank, and engaging said base, including the BCP Heaters.

21. On information and belief, Defendant has made, used, offered for sale, sold and/or imported, and, on information and belief, is continuing to make, use, offer for sale, sell and/or import, a heating apparatus provided in disassembled format, comprising a burner assembly for igniting fuel from a fuel source; an upper housing for the burner assembly; an elongate support member for spacing the housing from ground

5

level; a base and at least three legs configured for suspending said elongate support member from said base and for defining a space for the fuel source; a shroud for enclosing a space defined by said at least three legs; a dome mountable above said burner assembly; and a single container configured for enclosing said burner assembly, said upper housing, said elongate support member, said base, said at least three legs, said shroud and said dome, including the BCP Heaters.

22. On information and belief, Defendant has violated Plaintiff's patent rights in the '877 Patent and the '647 Patent through its activities with at least Defendant's BCP Heaters.

23. As depicted in the Owner's Manual, which is a rendering of the BCP Heaters made, used, offered for sale, sold and/or imported by Defendant, the BCP Heaters exhibit all of the features of at least Claims 1 and 10 of the '877 Patent.

24. Shown below on the left are figures depicting a heater described in the '877 Patent; shown below on the right are figures of the BCP Heater from the Owner's Manual:




*Plaintiff's '877 Patent (Fig. 5A)*     *Defendant's Infringing BCP Heater*




*Plaintiff's '877 Patent (Fig. 5B)*     *Defendant's Infringing BCP Heater*

7

25. On information and belief, the photographs attached hereto as <u>Exhibit D</u> depict the normal packaging in which Defendant sells the BCP Heaters.

26. As shown in <u>Exhibit D</u>, the packaging comprises a single container, in which the BCP Heaters are provided in disassembled format and exhibit all of the features of at least Claim 13 of the '647 Patent.

27. Defendant has directly infringed the '877 Patent and the '647 Patent by, without Plaintiff's authority, making, using, offering to sell or selling the BCP Heaters within the United States, and/or importing into the United States the BCP Heaters, during the terms of the '877 Patent and the '647 Patent.

## COUNT I
## Infringement of the '877 Patent

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

29. Defendant has infringed and continues to infringe the '877 Patent within the meaning of 35 U.S.C. § 271(a) by, without Plaintiff's authority, making, using, offering to sell or selling the BCP Heaters within the United States, and/or importing into the United States the BCP Heaters.

30. Defendant has committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271.

31. On information and belief, Defendant's infringement has been intentional and willful, making this an exceptional case.

32. Plaintiff has been damaged by Defendant's unlawful conduct. Indeed, Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff by virtue of Defendant's infringement of the '877 Patent.

33. Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. § 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT II
### Infringement of the '647 Patent

34. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

35. Defendant has infringed and continues to infringe the '647 Patent within the meaning of 35 U.S.C. § 271(a) by, without Plaintiff's authority making, using, offering to sell or selling the BCP Heaters within the United States, and/or importing into the United States the BCP Heaters.

36. Defendant has committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271.

37. On information and belief, Defendant's infringement has been intentional and willful, making this an exceptional case.

38. Plaintiff has been damaged by Defendant's unlawful conduct. Indeed, Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff by virtue of Defendant's infringement of the '647 Patent.

39. Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. § 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment:

A. Holding that Defendant has infringed the '877 Patent;

B. Holding that Defendant has infringed the '647 Patent;

C. Awarding Plaintiff damages adequate to compensate for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284;

D. To the extent applicable, declaring this case as exceptional in Plaintiff's favor pursuant to 35 U.S.C. § 285;

E. Awarding Plaintiff its attorney's fees and other costs and expenses;

F. Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted by law;

G. Enjoining Defendant from further acts of infringement pursuant to 35 U.S.C. § 283; and

H. Awarding such other and further relief as this Court may deem just and equitable.

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: January 26, 2017               Respectfully submitted,

/s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar No. 25763
Kathryn G. Cole
N.C. State Bar No. 39106
Minnie Kim
N.C. State Bar No. 46178
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
Email: markwilson@mvalaw.com
         katecole@mvalaw.com
         minniekim@mvalaw.com

*Attorneys for Plaintiff*
*Blue Rhino Global Sourcing, Inc.*